## Gore *vs* Ross and Pettit.

ERROR TO THE FRANKLIN CIRCUIT.

*Non est factum.     New trial.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

DEBT.

*Case* 97.

*April* 28.

ALL the pleas in this case are substantially good. But had any of them been defective, they were cured by the valid and substantial issues formed and tried thereon.

And if, as positively and explicitly testified on the trial, Ross signed the blank note for the avowed and single purpose of enabling his principal to borrow money from Sudduth, and make the note payable to him and no other person, *and the obligee, Pettit, to whom it was afterwards made payable, without Ross' knowledge or consent, and the assignee, Gore, had notice of that purpose, and limitation*, there can be no doubt that the plea of *non est factum* by Ross, was conclusively sustained; for certainly he might, for good cause, have been willing to be a surety to one creditor, when he would not have consented to be so bound to another, in whose justice and forbearance he had not as much confidence : *Conway* vs *The Bank of the United States,* (6 *J. J. Marshall.*)

Nor can it be doubted that the witness, Pettit, was competent, for being both obligee and assignor, he was

If one sign a blank note as surety, for the avowed and single purpose of enabling his principal to borrow money from A, and no other person, and the obligee, without the knowledge or consent of the surety, makes it payable to B and B have notice of these facts, a plea of *non est factum* will be available.

testifying against his apparent legal interest, in giving evidence against Ross' obligation as surety.

**Though a party may be deceived, yet unless it be by his adversary, he is without remedy.**

And, although it is evident that *Gore* has been basely deceived and seduced out of his money advanced to Pettit, the principal in the note, yet the testimony, if accredited, proves that he was deluded by the two Pettits, and not by Ross.

And now, therefore, although the judgment may be a very hard one, we cannot judicially decide that the jury and Circuit Judge, who saw, and heard, and probably knew the witness, Pettit, ought not to have accredited his testimony, unimpeached as he was by any other witness. And consequently, we cannot set aside the verdict for want of evidence to sustain it.

The judgment, in bar of the action against Ross, must, therefore, be affirmed.

*Hewitt, Morehead & Reed* for plaintiff; *Cates & Lindsey* for defendants.